UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

HENSCHEN & ASSOCIATES, LLC,

                Plaintiff,

- against -

AMERICAN PORTFOLIOS FINANCIAL SERVICES, INC.,

                Defendant.

No. 0:10-cv-03590 (JRT) (JSM)

ECF CASE

# REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF DEFENDANT'S MOTION
# TO DISMISS PLAINTIFF'S SECOND, THIRD AND FOURTH CLAIMS

VEDDER PRICE P.C.
Joel S. Forman (NY Bar No. 1086081)
Michael J. Goettig (NY Bar No. 4560058)
*Attorneys admitted pro hac vice*
1633 Broadway, 47th Floor
New York, NY  10019
(212) 407-7700

BRIGGS AND MORGAN, P.A.
Julie H. Firestone (MN Bar No. 029083X)
Ankoor Bagchi (MN Bar No. 0389911)
2200 IDS Center
80 South 8th Street
Minneapolis, MN  55402
(612) 977-8400

*Attorneys for Defendant
American Portfolios Financial Services, Inc.*

NEWYORK/#263195.1

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ........................................................................................................................... 2

    I.    HENSCHEN HAS NOT ADEQUATELY PLED THE SECOND AND THIRD CLAIMS IN THE ALTERNATIVE ................................... 2

        A.    Henschen Has Not Pled a Claim for Breach of Good Faith and Fair Dealing in the Alternative to Its Claim for Breach of Contract .................................................................................................. 2

        B.    Henschen Has Not Pled a Claim for Unjust Enrichment in the Alternative to Its Claim for Breach of Contract ............................... 4

    II.    HENSCHEN HAS FAILED TO ALLEGE FACTS THAT WOULD PLAUSIBLY ENTITLE IT TO DECLARATORY RELIEF ...................... 6

CONCLUSION ........................................................................................................................ 8

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) .................................................................. 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................................................ 6

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ..................................... 4 n.1

*Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*,
   70 N.Y.2d 382, 516 N.E.2d 190, 521 N.Y.S.2d 653 (1987) ........................................... 5

*Cox v. NAP Constr. Co., Inc.*,
   10 N.Y.3d 592, 891 N.E.2d 271, 861 N.Y.S.2d 238 (2008) ........................................... 5

*Don King Productions, Inc. v. Douglas*, 742 F. Supp. 741 (S.D.N.Y. 1990) ..................... 3

*EBC I, Inc. v. Goldman Sachs & Co.*,
   5 N.Y.3d 11, 832 N.E.2d 26, 799 N.Y.S.2d 170 (2005) ................................................. 5

*ESI, Inc. v. Coastal Power Production, Co.*,
   995 F. Supp. 419 (S.D.N.Y. 1998) ................................................................................. 4

*Goldman v. Metro. Life Ins. Co.*,
   5 N.Y.3d 561, 841 N.E.2d 742, 807 N.Y.S.2d 583 (2005) ............................................. 5

*Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73 (2d Cir. 2002) ........................ 3

*IDT Corp. v. Morgan Stanley Dean Witter & Co.*,
   12 N.Y.3d 132, 907 N.E.2d 268, 879 N.Y.S.2d 355 (2009) ........................................... 5

*Joseph Sternberg, Inc. v. Walber 36th St. Assocs.*,
   187 A.D.2d 225, 594 N.Y.S.2d 144 (1st Dep't 1993) ..................................................... 5

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) .............................................. 7

*Peoples Rights Org. v. City of Columbus*, 152 F.3d 522 (6th Cir. 1998) ........................... 7

**Treatises**

10B CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE .................... 7

ii

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| HENSCHEN & ASSOCIATES, LLC, <br><br> Plaintiff, <br><br> - against - <br><br> AMERICAN PORTFOLIOS FINANCIAL SERVICES, INC., <br><br> Defendant. | No. 0:10-cv-03590 (JRT) (JSM) <br><br> ECF CASE |

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S SECOND, THIRD AND FOURTH CLAIMS**

Defendant American Portfolios Financial Services, Inc. ("APFS") submits this reply memorandum of law in further support of its motion under Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the second, third and fourth claims in the complaint filed by the plaintiff Henschen & Associates, LLC ("Henschen").

**PRELIMINARY STATEMENT**

The legal authority cited in Henschen's memorandum of law in opposition to APFS's motion to dismiss the complaint ("Opposition") simply does not refute the arguments presented by APFS.

With respect to the second and third claims, it is undisputed that Henschen's relationship with APFS was governed by a valid and binding written contract. The nature of the dispute between APFS and Henschen is not whether such a contract exists – it certainly does – but whether Henschen is entitled to payment under that contract. The

Opposition addresses arguments that were not presented by APFS and presumes that the complaint contains allegations that were not pled.  Accordingly, the relevant law compels dismissal of the second and third claims in the complaint.

In addition, Henschen's arguments in opposition to that portion of APFS's motion which seeks dismissal of the fourth claim for declaratory judgment ignores the duty imposed upon a plaintiff by the United States Supreme Court to plead allegations that push the possibility for recovery from conceivable to plausible.  Because the argument offered by Henschen to demonstrate that an actual controversy exists with regard to employees of Regal Financial Group relies upon a purely hypothetical scenario which appears nowhere in the complaint, Henschen has failed to demonstrate that the Court has subject matter jurisdiction over the fourth claim in the complaint.

## ARGUMENT

### I.

### HENSCHEN HAS NOT ADEQUATELY PLED THE SECOND AND THIRD CLAIMS IN THE ALTERNATIVE

**A.      Henschen Has Not Pled a Claim for Breach of Good Faith and Fair Dealing in the Alternative to Its Claim for Breach of Contract**

Henschen correctly notes that Rule 8 of the Federal Rules of Civil Procedure allows a party to plead arguments in the alternative in some circumstances.  However, those circumstances are not present here.  Therefore, the second claim should be dismissed.

A claim for breach of the implied covenant of good faith and fair dealing may lie where "a party to a contract acts in a manner that, although not expressly forbidden by

any contractual provision, would deprive the other of the right to receive the benefits under their agreement." *Don King Productions, Inc. v. Douglas*, 742 F. Supp. 741, 767 (S.D.N.Y. 1990) (quoted in Opposition at 5).  The legal issue presented by the controversy between Henschen and APFS is a simple one:  Henschen claims that the Consulting Agreement compels payment of money from APFS to Henschen, and APFS denies that such money is owed.  The complaint is devoid of any allegation that APFS, while not breaching the letter of the Consulting Agreement, worked to deprive Henschen of the benefit of its bargain with APFS.  Instead, as Henschen acknowledges in the Opposition, the only grounds upon which it alleges that APFS breached the implied covenant of good faith and fair dealing are by "wrongfully continuing to accept referrals from Henschen without acknowledging its concomitant obligation to pay for those referrals" (Opposition at 5), relying exclusively upon the very same allegations which, if true, would constitute a breach of express terms of the contract between the parties (*see* Complaint ¶ 58).  It is in the interest of efficiency and the elimination of redundancy presented by pleadings such as Henschen's that New York law "does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, *based upon the same facts*, is also pled." *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002) (emphasis added).

      Accordingly, Henschen's claim that APFS breached the implied covenant of good faith and fair dealing should be dismissed as duplicative of its claim for breach of contract.

3

### B.  Henschen Has Not Pled a Claim for Unjust Enrichment in the Alternative to Its Claim for Breach of Contract

Henschen's attempts to salvage its claim for unjust enrichment on the ground that "New York law absolutely permits [a claim for] unjust enrichment to be pleaded in the alternative where there is a dispute as to the applicability of a written contract" (Opposition at 6-7) are misplaced.  Here, there is no dispute as to the applicability of a written contract, and so the cases cited by Henschen where a party has been allowed to proceed with claims alleging both breach of contract and unjust enrichment offer no guidance.  Notwithstanding its representation that APFS "may dispute that the Consulting Agreement governs the specific referrals at issue in this matter" (Opposition at 7, referring to Complaint Ex. D), Henschen has been on notice since at least May 10, 2010 of the reasons why APFS has refused to honor Henschen's baseless claims that it is entitled to compensation, and none of those reasons concern the validity of the Consulting Agreement.  (*See* May 10, 2010 letter from Joel S. Forman, attached as Ex. D to Complaint.)[1]  Accordingly, Henschen cannot plead in good faith that there is any dispute as to the validity of the Consulting Agreement, and so the cases cited in the Opposition are inapposite.  *See, e.g., ESI, Inc. v. Coastal Power Production, Co.*, 995 F. Supp. 419 (S.D.N.Y. 1998) (cited in Opposition at 6 and allowing breach of contract and unjust enrichment claims to proceed in tandem because the defendant "dispute[d] the validity and enforceability of [the] contracts"); *Joseph Sternberg, Inc. v. Walber 36th St.*

---

[1] In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached thereto, and documents incorporated by reference in the complaint.  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

4

*Assocs.*, 187 A.D.2d 225, 594 N.Y.S.2d 144, 146 (1st Dep't 1993) ("Thus, it appears that *where there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue*, plaintiff may proceed upon a theory of quantum meruit") (emphasis added).

Henschen also attempts to cast doubt on the rule that a party may not assert a claim for unjust enrichment when a valid and binding contract governs the subject matter of the claim by pointing to the fact that APFS cited a single case, *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 516 N.E.2d 190, 521 N.Y.S.2d 653 (1987), in support of that proposition. (Opposition at 6.) In the event that the Court suspects that *Clark-Fitzpatrick* is an outlier of New York jurisprudence, APFS respectfully submits that, according to the LexisNexis research database, in the 23 years since its publication, it has been cited 585 times for the proposition that a claim for unjust enrichment must be dismissed in the face of a valid contract. *See, e.g., IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142, 907 N.E.2d 268, 879 N.Y.S.2d 355 (2009); *Cox v. NAP Constr. Co., Inc.*, 10 N.Y.3d 592, 607, 891 N.E.2d 271, 861 N.Y.S.2d 238 (2008); *Goldman v. Metro. Life Ins. Co.*, 5 N.Y.3d 561, 572, 841 N.E.2d 742, 807 N.Y.S.2d 583 (2005); *EBC I, Inc. v. Goldman Sachs & Co.*, 5 N.Y.3d 11, 23, 832 N.E.2d 26, 799 N.Y.S.2d 170 (2005).

Accordingly, the Court should dismiss Henschen's claim for unjust enrichment as duplicative of its claim for breach of contract.

## II.

## **HENSCHEN HAS FAILED TO ALLEGE FACTS THAT WOULD PLAUSIBLY ENTITLE IT TO DECLARATORY RELIEF**

APFS agrees with Henschen that "[t]he question of whether [members of Regal Financial Group] was referred to APFS by Henschen, and whether APFS owes Henschen a referral fee in connection therewith, is certainly ripe for determination." (Opposition at 11.) That question will be resolved on the merits of Henschen's breach of contract claim, and there is no need for the Court to hear Henschen's claim for declaratory judgment on the same set of factual and legal issues.

Not only are the factual and legal issues presented by Henschen's claim for declaratory judgment entirely duplicative of its claim for breach of contract, but the arguments in the Opposition rely upon conjecture and speculation that has no basis in the allegations presented in the complaint. In its Opposition, Henschen offers a hypothetical scenario involving twenty members of the Regal Financial Group who "join APFS tomorrow, [with] each and every one of them testif[ying] at deposition that 'I joined APFS because Henschen introduced me to them, and I never would have heard of them otherwise.'" (Opposition at 12.) This mental exercise highlights precisely why the claim for declaratory relief must be dismissed. The allegations in the complaint neither "nudge[] [the plaintiff's] claims across the line from conceivable to plausible," *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)), nor satisfy the even higher standard of demonstrating a "significant possibility of future harm" required of a party seeking

6

declaratory relief.  *Peoples Rights Org. v. City of Columbus*, 152 F.3d 522, 527 (6th Cir. 1998).  Instead, Henschen asks the Court – quite literally – to adjudicate a hypothetical case based upon "academic theoreticals which might never come to pass."  10B CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2757, p. 477; *see also Lujan v. Defenders of Wildlife,* 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).  Notwithstanding Henschen's avowal that it has pleaded facts in the complaint sufficient to withstand APFS's motion to dismiss, it nevertheless remains the case that Henschen has not identified a single Regal employee introduced to APFS in 2008 who may join APFS tomorrow, and instead relies upon nothing more than speculation and conjecture in support of its fourth claim for declaratory judgment.

NEWYORK/#263195.1

## **CONCLUSION**

APFS respectfully requests that Counts II, III and IV of the complaint be dismissed with prejudice, that APFS be awarded its costs and disbursements incurred on this motion, and that the Court grant APFS such other and further relief as may be proper.

Dated: New York, New York
November 24, 2010

Respectfully submitted,

VEDDER PRICE P.C.

By: _____
Joel S. Forman (NY Bar No. 1086081)
Michael J. Goettig (NY Bar No. 4560058)
*Attorneys admitted pro hac vice*
1663 Broadway, 47th Floor
New York, NY  10019
(212) 407-7700

BRIGGS AND MORGAN, P.A.
Julie H. Firestone (MN Bar No. 029083X)
Ankoor Bagchi (MN Bar No. 0389911)
2200 IDS Center
80 South 8th Street
Minneapolis, MN  55402
(612) 977-8400

*Attorneys for Defendant
American Portfolios Financial Services, Inc.*