UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**Henschen & Associates, LLC,**                                   Civil No. 10-CV-3590 (SRN/JSM)

      **Plaintiff,**

                                                 **ORDER**

v.

**American Portfolios Financial Service, Inc.,**

      **Defendant**.

---

Steven E. Mellen & Michael Schwartzberg, Winget, Spadafora & Schwartzberg, LLP, 45 Broadway, 19th Floor, New York, New York 10006; Deborah Ellingboe & Justin P. Krypel, Faegre & Benson, LLP, 90 South 7th Street, Suite 2200, Minneapolis, Minnesota 55402, for Plaintiff

Julie H. Firestone and Ankoor Bagchi, Briggs & Morgan, PA, 80 South Eighth Street, Suite 2200, Minneapolis, Minnesota 55402; Joel S. Forman & Michael Goettig, Vedder Price, PC, 1663 Broadway, 47th Floor, New York, New York, 10019, for Defendant

---

SUSAN RICHARD NELSON, United States District Judge

      This matter is before the Court on Defendant's Motion for Partial Dismissal [Doc. No. 11]. Defendant seeks to dismiss Counts II, III and IV of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1). A hearing on Defendant's motion was held on February 11, 2011. For the reasons set forth herein, Defendant's Motion is granted in part, and denied in part.

**I.    BACKGROUND**

      Plaintiff Henschen & Associates, LLC ("Henschen") filed this action against Defendant American Portfolios Financial Services, Inc. ("APFS"), alleging breach of contract, breach of the duty of good faith and fair dealing and unjust enrichment. Henschen also seeks a declaratory

judgment requiring APFS to pay certain fees with respect to an unnamed group of financial representatives who might affiliate with APFS after the date of the Complaint.  (Compl. ¶¶ 53-71, Doc. No. 1.)  Plaintiff Henschen is a Minnesota company providing consulting services to broker-dealers, registered representatives and registered investment advisors seeking affiliations with one another.  (Id. ¶ 2.)  Defendant APFS is a New York securities broker-dealer.  (Id. ¶ 3.)  The parties entered into a written contract (the "Consulting Agreement") in October 2008 for consulting services to be performed by Henschen.  (Id. ¶¶ 9-11.)  Specifically, the Consulting Agreement provided for Henschen to "identify, contact and refer individuals or groups of [Financial Industry Regulatory Authority] registered representatives and registered investment advisers to APFS for affiliation."  (Id. ¶ 11) (quoting Consulting Agreement, Ex. A to Compl.)  The parties agreed that the Consulting Agreement would be construed in accordance with the laws of the State of New York.  (Consulting Agreement ¶ 8, Ex. A to Compl.)

Under the terms of the Consulting Agreement, Henschen's compensation was to include a certain percentage of the historical production of each designated registered representative or registered representative advisor for the twelve-month period prior to joining APFS.  (Compl. ¶¶ 13-14.)  Henschen claims to be owed compensation for its services to APFS relating to registered representatives Cathleen Burns, Charles Byrnes, Bill Smith and Mark Huntley.  (Id. ¶¶ 19, 21-22, 24, 26, 28, 30-31, 33, 35-36.)  In addition, Henschen alleges that in October 2008, it introduced John Kailunas, a registered representative of financial services firm Regal Financial Group ("Regal"), and other Regal members, to APFS.  (Id. ¶¶ 38, 40.)  Plaintiff alleges that Kailunas became affiliated with Regal in February 2010, and on unspecified dates, approximately 38 unidentified Regal registered representatives and investment advisors also became affiliated with

APFS.  (Id. ¶ 42.)

Henschen claims to be owed compensation for the named registered representatives, as well as the Regal members.  (Id. ¶¶ 38, 42-52.)  In Count I of the Complaint, Plaintiff alleges that APFS breached the Consulting Agreement, resulting in at least $533,422 in damages; in Count II, Plaintiff alleges that APFS breached the duty of good faith and fair dealing, resulting in at least $533,433 in damages; in Count III, Plaintiff alleges unjust enrichment as an alternative to contractual relief; and in Count IV, Plaintiff seeks a declaratory judgment that APFS is required to pay the fees alleged.

In its Motion for Partial Dismissal, APFS argues that Plaintiff's breach of the duty of good faith and fair dealing claim should be dismissed pursuant to Rule 12(b)(6).  Specifically, Defendant contends that under New York law, the duty of good faith and fair dealing is implied in all contracts and is not a separate cause of action when a breach of contract claim, based on the same facts, is also pled.  Defendant also moves to dismiss Plaintiff's unjust enrichment claim, arguing that unjust enrichment only applies in the absence of a valid contract, and since the parties acknowledge the existence of a valid contract, this claim fails.  Plaintiff argues that these causes of action are pled in the alternative and should not be dismissed, as Defendant may assert a defense that the contract is invalid for some reason, or that a referral occurred outside the scope of the contract.

Finally, Defendant moves to dismiss Plaintiff's claim for a declaratory judgment, arguing that it is duplicative of Henschen's breach of contract claim.  To the extent that it seeks relief for future affiliations, Defendant argues that the claim fails to allege an actual case or controversy and must be dismissed for lack of subject matter jurisdiction.  Henschen, however, maintains that

its declaratory judgment count does not repeat the allegations found in its breach of contract claim, but instead seeks relief as to additional members of the Regal Financial Group who affiliate with Defendant after the date of the Complaint.  (See Compl. ¶ 69.)

## II.     DISCUSSION

In considering a Rule 12(b)(6) motion to dismiss, "we must assume that all the facts alleged in the complaint are true" and generally construe the complaint in the light most favorable to the plaintiff.  E.g., Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).  "The complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal," DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002), and must contain enough facts to state a claim for relief "that is plausible on its face." Ashcroft v. Iqbal, __ U.S. __ (2009); 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court may not consider materials outside the pleadings on a motion to dismiss. However, when considering a motion to dismiss under Rule 12(b)(6), a court may consider some materials that are part of the public record or do not contradict the complaint, Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999), cert. denied, 527 U.S. 1039 (1999), as well as materials that are "necessarily embraced by the pleadings." Piper Jaffray Cos. V. National Union Fire Ins. Co., 967 F.Supp. 1146, 1152 (D. Minn. 1997).  See also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1357, at 199 (1990) (court may consider 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint').  In cases involving contracts, courts may examine the contract documents in deciding a motion to dismiss. Stahl v. United States Dept. of Agriculture,

327 F.3d 697, 700 (8th Cir. 2003).  Here, the Consulting Agreement is both the operative contract in this breach of contract dispute and it was attached to the Complaint, therefore, the Court will consider it in deciding Defendant's motion.  See Fed. R. Civ. P. 10 (c) (stating "a copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.")

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may consider matters outside the pleadings.  Land v. Dollar, 330 U.S. 731, 735 & n. 4, 67 S.Ct. 1009, 1011 & n. 4 (1947); Satz v. ITT Fin. Corp., 619 F.2d 738, 742 (8th Cir.1980).  "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990).

      A.      **Good Faith and Fair Dealing Claim (Count II)**

Because the Consulting Agreement provides that New York law applies, and the parties do not dispute this, the Court applies New York law to this dispute.  See Milliken & Co. v. Eagle Packaging Co., 295 N.W.2d 377, 380 n. 1 (Minn. 1980) (stating court will enforce parties choice-of-law agreement).  Under New York law, parties to an express contract are bound by the duty of good faith and fair dealing, and breach of that duty is merely a breach of the underlying contract.  Fasolino Foods Co., Inc. v. Banca Nazionale del Lavoro, 961 F.2d 1052, 1056 (2d Cir. 1992).  Thus, New York law "does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." Harris v. Provident Life & Accident Ins. Co., 310 F.3d 73, 81 (2d Cir. 2002).

Here, Plaintiff's claim for the breach of the duty of good faith and fair dealing is based upon the same facts for which it has pled its breach of contract claim. (Compl. ¶¶ 53-60.) Under both claims, Plaintiff alleges the existence of a valid and binding contract, the breach of the contract, Henschen's performance of all conditions precedent, and damages of at least $533,433. (Id.) For the breach of the duty of good faith and fair dealing claim, Henschen additionally pleads that APFS's conduct constitutes a breach of that duty. (Id. ¶ 59.) Because the claim for the breach of the duty of good faith and fair dealing is premised on the same facts as the breach of contract claim, and seeks identical damages, under New York law, it is subsumed within Plaintiff's breach of contract claim and is not an alternative ground of relief.

Accordingly, Defendant's motion to dismiss Count II is granted and Count II is dismissed without prejudice to Plaintiff. Plaintiff may amend Count I of the Complaint to make clear that the breach of the duty of good faith and fair dealing is included in its breach of contract claim.

### B.  Unjust Enrichment (Count III)

Defendant argues that Plaintiff's unjust enrichment count must be dismissed, because a valid contract exists and the unjust enrichment claim is therefore precluded by Plaintiff's breach of contract claim. (Def.'s Mem. Supp. Mot. Partial Dismiss at 7-8) (citing Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 516 N.E.2d 190, 193 (N.Y. 1987) ("The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter."))

While it is true that the existence of a valid and enforceable contract may preclude liability under an alternative theory of liability, Clark-Fitzpatrick, Inc., 516 N.E.2d at 193, New York law also permits a plaintiff in a contractual dispute to plead alternative theories of liability.

Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660, 663 (2d Cir. 1993); ESI, Inc. v. Coastal Power Production Co., 995 F.Supp. 419, 436 (S.D.N.Y. 1998).  In Sternberg, Inc. v. Walber 36th Street Assocs., 594 N.Y.S.2d 144, 146 (N.Y. App. Div. 1993), the court permitted a plaintiff to proceed under theories of breach of contract and fraud, as well as quantum meruit, holding, "Thus, it appears that where there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue, plaintiff may proceed upon a theory of quantum meruit and will not be required to elect his or her remedies."

At this early stage in the litigation, while Defendant currently concedes the existence of a valid contract, the parties' positions may change after engaging in discovery.  Perhaps the Consulting Agreement may not cover the dispute, or Defendant may obtain evidence through discovery that causes it to challenge the validity of the contract.  At this time, Plaintiff includes this claim as an alternative theory of liability, which is permitted under New York law.  Accordingly, Defendant's motion to dismiss Count III is denied without prejudice.  If, after the benefit of discovery, there is no dispute as to the existence of a valid contract that covers this dispute, Defendant may move for summary judgment on the unjust enrichment claim.

    **C.**    **Declaratory Judgment Claim (Count IV)**

Through its declaratory judgment count, Plaintiff seeks a ruling requiring APFS to pay its fees pursuant to the formula set forth in the Consulting Agreement with respect to any future members of Regal Financial Group who become registered with APFS after the date of the Complaint.  (Compl., Prayer for Relief.)

Under the Declaratory Judgment Act, declaratory relief may issue only in a case of an "actual controversy."  28 U.S.C. § 2201(a).  To satisfy the "actual controversy" requirement, the

plaintiff's claim must be sufficiently ripe such that there is "'a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Gopher Oil Co. v. Bunker, 84 F.3d 1047, 1050 (8th Cir. 1996) (citing Caldwell v. Gurley Refining Co., 755 F.2d 645, 649 (8th Cir. 1985)). Declaratory judgment may not lie where a party seeks relief arising out of a hypothetical future act. See Klosek v. Am. Express Co., 370 Fed. Appx. 761, 764 (8th Cir. 2010) (affirming district court's finding of no subject matter jurisdiction where plaintiffs did not allege that defendants intended to enforce a non-compete clause and only expressed a hypothetical desire to compete with defendants in the future.)

Here, Plaintiff alleges "upon information and belief" that additional members of Regal continue to affiliate with APFS as a consequence of Henschen's referral, and, to the extent that these additional members affiliate with APFS, APFS will owe compensation to Henschen. (Compl. ¶¶ 68-69.) The Court finds that this claim is not sufficiently ripe to invoke the Court's jurisdiction. Plaintiff has not identified particular Regal members, and the claim, as currently pled, is speculative. Through the course of discovery, Plaintiff may, however, discover facts sufficient to replead this claim and it may seek leave to amend the Complaint at such a time. Accordingly, the Court grants Defendant's motion to dismiss Count IV, without prejudice to Plaintiff.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

Defendant's Motion for Partial Dismissal [Doc. No. 11] is **GRANTED in part, and DENIED in part**, such that Counts II and IV are **DISMISSED WITHOUT PREJUDICE**, consistent with this Order.


Dated:   April 11, 2011

s/Susan Richard Nelson<br>
SUSAN RICHARD NELSON<br>
United States District Judge