UNITED STATES DISTICT COURT
DISTRICT OF MINNESOTA

HENSCHEN & ASSOCIATES, LLC                    CIV. NO. 10-3590 (SRN/JSM)

        Plaintiff,                                            ORDER

v.

AMERICAN PORTFOLIOS FINANCIAL
SERVICES, INC.

        Defendant and Counterclaimant.

v.

JONATHAN HENSCHEN and
HENSCHEN & ASSOCIATES, LLC.

        Counterclaim Defendants.


        This matter came before the Court on April 3, 2012, on defendant's Motion to

Compel the Deposition of Jonathan Henschen [Docket No. 38] and Plaintiff's Motion for

a Protective Order, Motion to Compel Discovery, Motion for Extension of Time to

Complete Discovery [Docket No. 44].  Steven E. Mellen, Esq. and Justin P. Krypel, Esq.

appeared on plaintiff's behalf.  Roy P. Salins, Esq. appeared on defendant's behalf.

The Court, being duly advised in the premises, upon all the files, records and

proceedings herein, for the reasons described on the record and as described in the

memorandum below, now makes and enters the following Order:

        **IT IS HEREBY ORDERED THAT:**

        1.      Defendant's Motion to Compel the Deposition of Jonathan Henschen

[Docket No. 38] is GRANTED in part and denied in part.

2.    Plaintiff's Motion for a Protective Order, Motion to Compel Discovery, Motion for Extension of Time to Complete Discovery [Docket No. 44] is GRANTED in part and denied in part.

Dated: April 9, 2012                    *Janie S. Mayeron*
                                        JANIE S. MAYERON
                                        United States Magistrate Judge

**MEMORANDUM**

## I.    BACKGROUND

Henschen & Associates, LLC ("Henschen") provides broker-dealer consulting services to registered representatives and registered investment advisors seeking affiliation with broker-dealers, and to broker-dealers seeking registered representatives and registered investment advisors for affiliation.  Amended Complaint, ¶2 [Docket No. 24].  Jonathan Henschen is the sole member of Henschen.  Id.  American Portfolios Financial Services ("APFS") is a securities broker-dealer.  Id., ¶3.  According to the Complaint, Henschen entered into a consulting agreement with APFS to "identify, contact and refer individuals or groups of FINRA (Financial Industry Regulatory Authority) registered representatives and registered investment advisers to APFS for affiliation."  Id., ¶11.  The agreement required APFS to pay Henschen two percent of verified production for the prior twelve months upon registration of each registered representative and registered investment advisor with APFS, plus two percent annually for two years, adjusted quarterly and monthly.  Id., ¶13.  Henschen alleged that it referred Cathleen Burns, Charles Byrnes, Bill Smith, Mark Huntley and members of the Regal Financial Group, including registered representative John Kailunas, to APFS, but APFS failed to paid Henschen for those referrals.  Id., ¶¶19-52.  Henschen alleged

breach of contract and unjust enrichment and sought damages of at least $533,433. Id., ¶¶53-65.

APFS counterclaimed, alleging that Henschen violated his consulting agreement with APFS by soliciting APFS's representatives to join a competitor, unlawfully using APFS's confidential and proprietary information, converting overpayments from APFS, and defaming APFS.  Answer and Counterclaim, ¶¶ 89-103 [Docket No. 46].

APFS moved to compel Henschen's deposition, alleging that they have made a good faith effort to secure his appearance at a deposition, offering many alternative dates.  Defendant's Memorandum in Support of Motion to Compel, pp. 1-2 ("Def. Mem.') [Docket No. 40]; Declaration of Roy P. Salins in Support of Defendant's Motion to Compel, ¶¶5-12 [Docket No. 41].  Henschen's counsel did not oppose Henschen's deposition, stating "[t]here is no dispute as to whether Mr. Henschen's deposition should occur.  It should and it will."  Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel, p. 1 [Docket No. 53].  However, Henschen refused to sit for his deposition until APFS responded to four outstanding discovery requests, Document Request No. 14 and Interrogatory Nos. 10, 12 and 13, which are the subject of its motion to compel.  Id., pp. 2-7.  Additionally, APFS refused to provide dates for the deposition of Kailunas, Tim O'Grady (a recruiter at APFS) or to designate a corporate deponent for a 30(b)(6) deposition.

Henschen's request for a protective order was limited to an order that would defer Henschen's deposition until he received complete answers to Document Request No. 14 and Interrogatory Nos. 10, 12 and 13.  Plaintiff's Memorandum in Support of

Motion to Compel, for a Protective Order, and to Modify the Scheduling Order ("Pl.
Mem. in Support of Mot. to Compel"), p. 12 [Docket No. 46].

By the time of the motion hearing the parties had resolved some of their
differences regarding outstanding discovery, but the following interrogatories and
document requests remained outstanding:

**Interrogatory No. 10:**    Identify all requests which you
contend were made by APFS to Henschen or Henschen &
Associates for assistance with "aspects of the affiliation
process, including meetings with prospects, handling
required paperwork and being available for consultation," as
described in Paragraph 87 of the Answer.

**Answer**:  APFS objects to this request on the grounds that it
is overly broad, unduly burdensome and seeks documents
that are neither relevant to the subject matter of this action
nor reasonably calculated to lead to the discovery of
admissible evidence insofar as it seeks "all documents
concerning . . requests by APFS to Henschen or Henschen
& Associates for assistance. . . . APFS further objects to this
request on the ground that it is vague and ambiguous insofar
as it includes the term "assistance."

**Interrogatory No. 12:**  Identify all secrets and/or confidential
information that you allege were disclosed and/or
appropriated by Henschen or Henschen & Associates, as
described in Paragraph 97 of the Answer, and identify all
persons with knowledge relating thereto.

**Answer:**    Subject to its General Objections, APFS states
that because it has not yet taken the deposition of Jonathan
Henschen it cannot answer this interrogatory in full, but that
it will seasonably supplement its response to this
interrogatory following the deposition.  Furthermore, APFS
states that plaintiff and Jonathan Henschen disclosed and
appropriated for their own use confidential information
concerning Dennis Makarewicz, Larry Sfinas and Byron
Studdard during their unlawful efforts to find Sfinas and
Studdard an affiliation at a firm other than APFS.

**Interrogatory No. 13:**   Identify all disparaging statements
which you contend for the basis of your claim for defamation,

including those described in paragraphs 100 and 101 of the Answer, and for each such statement (a) describe the contents of the statement in as much detail as possible; (b) identify the speaker, the recipient, and all other witnesses to the statement; (c) identify all other persons with knowledge relating to the statement.

**Answer:**  APFS objects to this interrogatory on the grounds that it exceeds the scope of permissible discovery pursuant to Judge Mayeron's scheduling order.   Specifically, this interrogatory constitutes the 26th interrogatory, including subparts, propounded by plaintiff and Jonathan Henschen.[1]

**Interrogatory No. 14:**  Identify all persons who provided information or documents in connection with APFS's answers to these interrogatories and accompanying document requests.

**Answer:**  APFS objects to this interrogatory on the grounds that it exceeds the scope of permissible discovery pursuant to Judge Mayeron's scheduling order.   Specifically, this interrogatory constitutes the 30th interrogatory, including subparts, propounded by plaintiff and Jonathan Henschen.

**Document Request No. 5:**  All documents identifying the registered representatives and/or registered investment advisors who were affiliated with Regal Financial Group during the period October 2008 through March 2009.

**Response:**  APFS objects to this request on the grounds that it is overly broad, unduly burdensome and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence insofar as it requests "all documents identifying the registered representatives and/or registered investment advisors who were affiliated with Regal Financial Group during the period October 2008 through March 2009." Notwithstanding those objections, and subject to its General Objections, APFS refers to its response to Interrogatory No.7, in which it agrees to identify all registered representatives who became affiliated with APFS at any time since October 1, 2008 (irrespective of whether they are

---

[1]     This Court's Pretrial Scheduling Order limited the number of interrogatories to twenty-five, including all subparts.  Order, June 22, 2011, p. 4 [Docket No. 35].

currently affiliated with APFS) who were affiliated with Regal Financial Group immediately preceding their affiliation with APFS.

**Document Request No. 12:** Documents sufficient to show the revenues (gross and net) realized by APFS in connection with the production of each of the following individuals, from the date of their registration with APFS through the date of your response: (a) Cathleen Burns; (b) Charles Byrnes; (c) Bill Smith; (d) Mark Huntley; and (e) John Kailunas.

**Response:** APFS objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks documents sufficient to show the revenues realized by APFS from the aforementioned individuals from the date of their registration with APFS through the date of this response. APFS further objects to this request on the grounds that it is vague and ambiguous insofar as it includes the words "production" and "registration," and the phrase "revenues (gross and net) realized by APFS." Notwithstanding those objections, and subject to its General Objections, APFS will produce documents sufficient to show the production of the aforementioned individuals for the two-year period following their affiliation with APFS.

**Document Request No. 13:** All documents referring or relating to analysis, by APFS or any third party, of whether compensating a recruiter based upon a share of a given registered representative's or registered investment advisor's production constitutes impermissible commission sharing.

**Response:** APFS objects to this response on the grounds that it is overly broad, vague and ambiguous, unduly burdensome and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 14:** All documents concerning, evidencing, or relating to requests by APFS to Henschen or Henschen & Associates for assistance with "aspects of the affiliation process, including meetings with prospects, handling required paperwork and being available for

6

consultation," as described in Paragraph 87 of the Answer, or to Henschen's response to such requests.

**Response:** APFS objects to this request on the grounds that it is overly broad, unduly burdensome and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all documents concerning . . .requests by APFS to Henschen or Henschen & Associates for assistance. . . . APFS further objects to this request on the ground that it is vague and ambiguous insofar as it includes the term "assistance."

**Document Request No. 17:**  All documents concerning, evidencing, or relating to Defendant's allegation that Henschen and/or Henschen & Associates made disparaging and false remarks to third parties concerning the financial viability of APFS, as alleged in paragraph 100 of the Answer.

**Response:**  Subject to its General Objections, APFS will produce all documents, if any, concerning plaintiff or Jonathan Henschen making disparaging and false remarks to third parties concerning the financial viability of APFS.

**Document Request No. 18:**  All documents concerning, evidencing, or relating to Defendant's allegation that Henschen and/or Henschen & Associates told several of APFS' registered representatives and registered investment adviser representatives that APFS was in financial trouble, and that APFS was "running out of money" and "had no capital," as alleged in Paragraph 101 of the Answer.

**Response:**  Subject to its General Objections, APFS will produce all documents, if any, concerning plaintiff or Jonathan Henschen stating that APFS was in financial trouble and that APFS was "running out of money" and "had no capital."

**Document Request No. 19:**  All documents concerning, evidencing, or relating to Defendant's allegation that the statements made by Henschen and/or Henschen & Associates have harmed APFS' reputation and lowered it in the estimation of the business community, as alleged in Paragraph 102 of the Answer.

>**Response:** Subject to its General Objections, APFS will produce all documents, if any, concerning the harm APFS has suffered to its reputation and estimation in the business community caused by plaintiff's or Jonathan Henschen's defamatory remarks.
>
>**Document Request No. 20:**   All documents, including financial statements, balance sheets, FOCUS reports, and the like, which set forth in whole or in part APFS' financial condition at any time from January 1, 2008 to the present.
>
>**Response to Request No. 20:** APFS objects to this request on the grounds that it is overly broad, unduly burdensome and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

At the motions hearing, Henschen's counsel indicated that Document Request No. 5 appeared to be resolved, as counsel for APFS had promised to produce responsive documents, although he did not say when.  AFPS objected to producing documents responsive to Document Request No. 12 that would show both gross and net revenues based on the production of the named individuals because the individuals were paid on net revenues, thus gross revenues were irrelevant.  APFS produced a document response to Document Request No. 13, but redacted the document because APFS contended that it contained attorney-client privileged communication.  APFS had placed this document on its privilege log.  As to Document Request No. 14, counsel for APFS stated that APFS had not located any responsive documents.  As to Document Requests 17, 18, and 19, counsel indicated that APFS had not yet located any responsive documents.  As to Document Request No. 20, APFS objected that the request for "all documents" relating to APFS's financial condition was overly broad and APFS had agreed to produce financial summaries for a four-year period.

APFS argued that the information sought though Interrogatory No. 10 was best obtained through deposition testimony, and that it had identified O'Grady as someone who would have information on the topic of Interrogatory No. 10. APFS argued that it could not fully answer Interrogatory No. 12 until it deposed Henschen. APFS's counsel continued to assert that Interrogatory No. 13 exceeded the scope of this Court's scheduling order because, by his count, the previous interrogatories, with subparts, added up to the limit of twenty-five interrogatories. As a result, APFS did not believe it had to answer Interrogatories Nos. 13 or 14. See also, Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Compel, for a Protective Order, and to Modify Scheduling Order pp. 11-13 [Docket No. 50].

## II.    ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) states: "Parties are entitled to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense. . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

In light of this standard, the Court ordered as follows:

1.    Interrogatory No. 10: In light of this Court's order regarding the depositions of Henschen, Kalinis, and the 30(b)(6) deposition of APFS, the Court denied Henschen's motion as to Interrogatory No. 10. Henschen may obtain the information sought by this Interrogatory through the depositions this Court has ordered take place. Further, given this Court's determination that this information is best sought through depositions, defendant is on notice that its witnesses must be completely prepared to testify on this topic.

2.     Interrogatory No. 12:  APFS must identify all trade secret and confidential information that it claims Henschen has used in violation of the consulting agreement.  If APFS's answer to this Interrogatory is complete, it must state that.  If APFS learns information that would require it to supplement its answer, it shall do so at that time.

3.     Interrogatory No. 13:  This Court overruled APFS's objection regarding the number of interrogatories and subparts.  Rule 33 governs the number, scope, use of and responses to interrogatories propounded by one party in litigation to another party.  The Committee Notes observe that "[p]arties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."   146  F.R.D. 401, 675-76 (1993).   Therefore, subparts "directed at eliciting details concerning a common theme should be considered a single question." 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 (3d. ed. 2010).  Subparts regarding more discrete topics are "likely to be counted as more than one for purposes of the limitation."  Id.

"[I]nterrogatory subparts are to be counted as part of but one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question."  Wildearth Guardians v. Public Serv. Co. of Colo., Civ. No. 09-01862, 2010 WL 5464313, at * 1 (D. Colo. Dec. 29, 2010) (citing Kovacs v. Hershey Co., Civ. No. 04-01881, 2006 WL 1980291, at *1 (D. Colo. July 13, 2006), aff'd in part and rev'd on other

grounds in part, 2006 WL 2781591 (D. Colo. Sept. 26, 2006) (relying on Kendall v. GES Exposition Servs., Inc., 174 F.R.D. 684, 685 (D. Nev.1997)).  See also The Mitchell Co., Inc. v. Campus, Civ. No. 07-0177, 2008 WL 2468564, at *14 (S.D. Ala., June 16, 2008) ("District courts in the Eleventh Circuit, like most district courts in other circuits, have adopted and applied "the 'related question' test to determine whether the subparts are discrete, asking whether the particular subparts are 'logically or factually subsumed within and necessarily related to the primary question.'") (citations omitted) (reviewing cases from a number of districts).

As the court in Kendall explained:

Probably the best test of whether subsequent questions, within a single interrogatory, are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question? Genuine subparts should not be counted as separate interrogatories. However, discrete or separate questions should be counted as separate interrogatories, notwithstanding [that] they are joined by a conjunctive word and may be related.

174 F.R.D. at 685.  "In other words, once a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated.'"  Wildearth Guardians, 2010 WL 5464313, at *2 (quoting Willingham v. Ashcroft, 226 F.R.D. 57, 59 (D.D.C. 2005)).

Applying these standards here, the Court found that Henschen did not exceed the number of interrogatories permitted.  APFS is required to answer this Interrogatory in full and as it was written.  In other words, APFS must: (a) describe the contents of the statement in as much detail as possible; (b) identify the speaker, the recipient, and all

other witnesses to the statement; and (c) identify all other persons with knowledge relating to the statement.

4.      Interrogatory No. 14:  APFS must answer this Interrogatory.

5.      Document Request No. 5:  AFPS must produce the requested documents on or before April 10, 2012.

6.      Document Request No. 12:  On or before April 10, 2012, APFS must supplement its answer to this Document Request by providing documentation showing gross and net revenues for the two-year period following the affiliation of the named individuals with APFS.  This Court found that to the extent that Henschen was seeking financial information to the present time, that information was not relevant and not likely to lead to the discovery of admissible evidence.

7.      Document Request No. 13:  APFS provided this Court with an unredacted version of the document it produced in response to Document Request No. 13.  This Court agrees that the redacted portions are attorney-client privileged information and that APFS properly redacted that portion of the document.

8.      Document Requests Nos. 14, 17, 18, 19:  On or before April 10, 2012, APFS must supplement its responses to these requests to affirmatively state that it has no responsive documents.  If APFS locates documents that require it to supplement its responses, it shall do so.

9.      Document Request No. 20:  This Court denied Henschen's request as to Document Request No. 20.  If, after receiving APFS's answer to Interrogatory No. 13 and after the depositions have taken place, Henschen believes that the financial statements are not adequate to show the damages suffered by APFS in connection with

its defamation claim he may seek relief from this Court after first attempting to resolve the matter with APFS.

10.    APFS must supplement the above discovery responses on by before April 10, 2012.

11.    All depositions ordered to take place shall occur between April 11 and April 21, 2012.  The depositions shall occur as follows:  Henschen's deposition shall take place first, followed by the depositions of Kailunas, O'Grady and APFS's 30(b)(6) corporate designee, if different from O'Grady.

12.    Fact discovery shall be extended to May 1, 2012 and the Court will issue an amended pretrial order consistent with that change.  No discovery shall be permitted beyond that date.  If Henschen learns though depositions that APFS has information or documents that should have been produced earlier, Henschen may return to this Court for relief, after taking up the issue with APFS.

J.S.M.